**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Great-West Life & Annuity Insurance Company,

                    Plaintiff,

v.

Stefanie A Kuerschner, *et al.*,

                    Defendants.

No. CV-21-02114-PHX-JJT

**ORDER**

At issue are certain filings by *pro se* Defendant Stefanie Kuerschner: a "Supplemental Statement of Facts in Opposition to Motion for Summary Judgement and in Opposition to James and Michael Kuerschner's Statement of Facts" (Doc. 147, verbatim), a "Declaration Great West Policies in Opposition to Motion for Summary Judgment" (Doc. 158, verbatim), and a "Motion for Temporary Restraining Order [TRO] and Preliminary Injunction Under Federal Rule of Civil Procedure 65 to Preserve the Status Quo and Enjoin Defendants' Interference with Plaintiff's Financial and Housing Relationships" (Doc. 159, verbatim).

Throughout this litigation as well as in another matter Stefanie Kuerschner filed in this Court, Case No. CV-26-00713-PHX-JJT, she has repeatedly failed to comply with the applicable rules and apparently ignored the Court's Orders entirely. The subject filings are no different. The Supplemental Statement of Facts (Doc. 147) and the latest Declaration (Doc. 158) are apparently meant to be a portion of Stefanie's response to Defendants Michael and James Kuerschner's Motion for Summary Judgment (Doc. 137), which they

filed on February 2, 2026. Stefanie already responded to that Motion (Doc. 141) and then filed three Declarations "in Opposition" to the Motion (Docs. 142–43). The deadline to respond to the Motion was February 16, 2026. LRCiv 7.2(c) & Appendix A. After the deadline, Stefanie filed a Supplemental Statement of Facts without leave of Court. (Doc. 147.) Even if it had been timely, it utterly fails to comply with the requirements of Local Rule 56.1. For these reasons, the Court will strike the Supplemental Statement of Facts (Doc. 147).

Michael and James filed a reply to Stefanie's response to the Motion on February 18, 2026. (Doc. 149.) Now, nearly three weeks later, Stefanie has filed the newest Declaration apparently related to her response to their Motion without leave of Court. (Doc. 158.) That filing also fails to comply with Local Rule 7.2(c), and the Court will therefore strike it.

And Stefanie has now filed a TRO Motion (Doc. 159) that is 20 pages in length, without leave of Court. That filing fails to comply with Local Rule 7.2(e)(1). Accordingly, the Court will strike it. As the Court stated in prior Orders (*e.g.*, Doc. 156 at 2), Stefanie's *pro se* status does not excuse her from compliance with the Federal Rules of Civil Procedure and Local Rules. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). This is particularly true because Stefanie has been litigating these matters for over four years and the Court has repeatedly warned her about non-compliance with the applicable rules, which are *requirements*, not recommendations.

In addition, all of the subject filings exemplify what the state court determined in the underlying litigation in declaring Stefanie a vexatious litigant and assessing attorneys' fees against her, that is, that she files "duplicative and groundless motions" and "repetitive requests" that "significantly and unjustifiably expand[] the litigation." (*E.g.*, Doc. 138-1 at 13, Ariz. Ct. of Appeals Decision at 12.) For all these reasons, and particularly because the Court has warned Stefanie repeatedly at this point, the Court will enter a sanction against Stefanie by separate Order.

**IT IS THEREFORE ORDERED** striking Defendant Stefanie Kuerschner's "Supplemental Statement of Facts in Opposition to Motion for Summary Judgement and in Opposition to James and Michael Kuerschner's Statement of Facts" (Doc. 147), "Declaration Great West Policies in Opposition to Motion for Summary Judgment" (Doc. 158) and "Motion for Temporary Restraining Order and Preliminary Injunction Under Federal Rule of Civil Procedure 65 to Preserve the Status Quo and Enjoin Defendants' Interference with Plaintiff's Financial and Housing Relationships" (Doc. 159). The Court will sanction Stefanie Kuerschner by separate Order.

Dated this 10th day of March, 2026.

Honorable John J. Tuchi
United States District Judge